1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RACKLIFFE, | CASE NO. 1:07-cv-00603-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| C.O. ROCHA, et al., | (Doc. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

I.      Findings and Recommendations Following Screening of Complaint

      A.      Screening Requirement

Plaintiff Brandon Rackliffe ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 20, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

1

1   U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

2   short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

3   Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

4   claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may

5   dismiss a complaint only if it is clear that no relief could be granted under any set of facts that

6   could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff

7   will ultimately prevail but whether the claimant is entitled to offer evidence to support the

8   claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

9   unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

10  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

11  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

12  .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

13  pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

14  U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

15  essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

16  122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

17  1982)).

18          B.      Plaintiff's Claims

19          Plaintiff is an inmate housed at Kern Valley State Prison in Delano, where the events at

20  issue in this action allegedly occurred.  Correctional Officers Rocha and Medina are named as

21  defendants.  Plaintiff is seeking money damages and equitable relief.  The claims in this action

22  arise from an incident in which plaintiff was shot while on the yard.  Plaintiff alleges claims for

23  violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

24          1.      Excessive Force Claim

25          During a fight on the prison yard between plaintiff and another inmate, defendant Medina

26  fired two rounds from a block gun and defendant Rocha fired live ammunition rounds, striking

27  and severing plaintiff's finger.  Plaintiff alleges that the force used by defendants was

28  unnecessary under the circumstances and violated his constitutional rights.

1    "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

2    Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." <u>Hudson</u>

3    <u>v. McMillian</u>, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim

4    is . . . contextual and responsive to contemporary standards of decency." <u>Id</u>. (internal quotation

5    marks and citations omitted).  The malicious and sadistic use of force to cause harm always

6    violates contemporary standards of decency, regardless of whether or not significant injury is

7    evident.  <u>Id</u>. at 9; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth

8    Amendment excessive force standard examines <u>de</u> <u>minimis</u> uses of force, not <u>de</u> <u>minimis</u>

9    injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause

10   of action." <u>Id</u>. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments

11   necessarily excludes from constitutional recognition <u>de</u> <u>minimis</u> uses of physical force, provided

12   that the use of force is not of a sort repugnant to the conscience of mankind." <u>Id</u>. at 9-10 (internal

13   quotations marks and citations omitted).

14       "[W]henever prison officials stand accused of using excessive physical force in violation

15   of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

16   applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

17   cause harm." <u>Id</u>. at 7.  "In determining whether the use of force was wanton and unnecessary, it

18   may also be proper to evaluate the need for application of force, the relationship between that

19   need and the amount of force used, the threat reasonably perceived by the responsible officials,

20   and any efforts made to temper the severity of a forceful response." <u>Id</u>.  (internal quotation

21   marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth

22   Amendment inquiry, but does not end it." <u>Id</u>.

23       Plaintiff's allegations are sufficient to state a claim under section 1983 against defendants

24   Rocha and Medina for use of excessive force.  Fed. R. Civ. P. 8(a); <u>Erickson v. Pardus</u>, 127 S.Ct.

25   2197, 2200 (2007).

26       2.    <u>Due Process Claim</u>

27       Plaintiff also alleges that defendants' actions deprived him of life, liberty, and property, in

28   violation of his right to due process.  First, plaintiff's allegations do not support a claim that he

was deprived of his life, of his liberty, or of his property.  Second, to the extent that plaintiff is

attempting to bring a substantive due process claim, "[t]o establish a violation of substantive due

process . . . , a plaintiff is ordinarily required to prove that a challenged government action was

clearly arbitrary and unreasonable, having no substantial relation to the public health, safety,

morals, or general welfare.  Where a particular amendment provides an explicit textual source of

constitutional protection against a particular sort of government behavior, that Amendment, not

the more generalized notion of substantive due process, must be the guide for analyzing a

plaintiff's claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal

quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v.

Lewis, 523 U.S. 833, 842 (1998).

        In this case, the Eighth Amendment "provides [the] explicit textual source of

constitutional protection . . . ."  Patel, 103 F.3d at 874.  Therefore, the Eighth Amendment rather

than the Due Process Clause of the Fourteenth Amendment governs plaintiff's claim.

                        3.      Claims for Injunctive and Declaratory Relief

        In addition to money damages, plaintiff seeks an order enjoining prison officials from

subjecting plaintiff to the acts set forth in the complaint, and a declaration that his rights under

the Eighth Amendment were violated.

        "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the

threshold requirement imposed by Article III of the Constitution by alleging an actual case or

controversy."  City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983)

(citations omitted);  Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

"Abstract injury is not enough."  Lyons, 461 U.S. at 101, 103 S.Ct. at 1665.  "[P]laintiff must

show that he has sustained or is immediately in danger of sustaining some direct injury as the

result of the challenged official conduct and the injury or threat of injury must be both real and

immediate, not conjectural or hypothetical."  Id. (internal quotations and citations omitted).  "The

key issue is whether the plaintiff is 'likely to suffer future injury.'"  Jones, 444 F.3d at 1126

(quoting Lyons at 105, 1667).  When a government agency is involved, it must "be granted 'the

widest latitude in the dispatch of its own internal affairs,'"  Gomez v. Vernon, 255 F.3d 1118,

1  1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)),

2  and "[w]hen a state agency is involved, these considerations are, in anything, strengthened

3  because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded

4  must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at

5  1128 (quoting  O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

6  　　　In addition, any award of equitable relief is governed by the Prison Litigation Reform

7  Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison

8  conditions shall extend no further than necessary to correct the violation of the Federal right of a

9  particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

10  the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

11  violation of the Federal right, and is the least intrusive means necessary to correct the violation of

12  the Federal right." 18 U.S.C. § 3626(a)(1)(A).

13  　　　There is an actual case or controversy before this court with respect to plaintiff's section

14  1983 claim for money damages arising out of defendants' alleged past act of force.  However,

15  equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that

16  cannot be met where there is no showing of any real or immediate threat that the plaintiff will be

17  wronged again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111,

18  1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679).  In this instance, it is the past conduct

19  of defendants which give rise to plaintiff's claim for relief, and should plaintiff prevail, plaintiff's

20  injury will not go unrecompensed because plaintiff has an adequate remedy at law.  Id.  Plaintiff

21  is not entitled to equitable relief in this action for defendants' past conduct because there is no

22  suggestion that he will be wronged again by defendants.  Therefore, plaintiff's claim for

23  injunctive relief should be dismissed.

24  　　　"A declaratory judgment, like other forms of equitable relief, should be granted only as a

25  matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of

26  Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will

27  neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate

28  the proceedings and afford relief from the uncertainty and controversy faced by the parties."

1  United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action

2  reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that

3  plaintiff's constitutional rights were violated.  Accordingly, a declaration that defendants violated

4  plaintiff's rights is unnecessary and the claim should be dismissed.

5                              4.     Official Capacity Claims

6        Plaintiff alleges he is brining suit against defendants in their individual and "professional"

7  capacities.  The Eleventh Amendment bars damages actions against state officials in their official

8  capacities.  See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997);

9  Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th

10 Cir. 1992).   However, the Eleventh Amendment does not bar suits seeking damages against state

11 officials in their personal capacities.  See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v.

12 California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997);

13 Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).  "Personal-capacity suits seek to impose

14 personal liability upon a government official for actions [the official] takes under color of state

15 law.  See Kentucky v. Graham, 473 U.S. 159, 165 (1988).  Where plaintiff is seeking damages

16 against a state official, such as in the instant action, this "necessarily implies" a personal-capacity

17 suit because an official-capacity suit would be barred.  See Cerrato v. San Francisco Community

18 College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game

19 Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

20 Because a personal-capacity suit is necessarily implied and any official capacity suit against

21 defendants would be barred, the court recommends that plaintiff's official capacity claims against

22 defendants, erroneously identified as professional capacity claims, be dismissed.

23       C.     Conclusion

24       The court finds that plaintiff's complaint state a cognizable claim for relief under section

25 1983 against defendants Rocha and Medina for use of excessive force, in violation of the Eighth

26 Amendment.  However, plaintiff's due process claim, equitable relief claims, and official

27 capacity claims are not cognizable.  Because the deficiencies are not amenable to amendment, the

28 court recommends that these claims be dismissed, with prejudice.  Lopez v. Smith, 203 F.3d

1122, 1130 (9th Cir. 2000).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.      This action proceed on plaintiff's complaint, filed April 20, 2007, against defendants Rocha and Medina for use of excessive force, in violation of the Eighth Amendment;

2.      Plaintiff's due process claim be dismissed, with prejudice, for failure to state a claim;

3.      Plaintiff's equitable relief claims be dismissed, with prejudice, for failure to state a claim; and

4.      Plaintiff's official capacity claims be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    November 26, 2007**            **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE