# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RACKLIFFE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROCHA, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00603 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 13 and 15)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

Plaintiff Brandon Rackcliffe ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on April 20, 2007. On June 9, 2008 plaintiff filed a motion seeking a court order requiring defendant(s)[1] and correctional officers at Pleasant Valley State Prison to "stop unjust cell searches" and to return all evidence removed from plaintiff's cell. (Doc. 13). On July 28, 2008, plaintiff filed a motion for a court order commanding the return of his "discovery evidence and material documents". (Doc. 15). Plaintiff contends that the actions taken against him are retaliatory.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1)

---

[1] In his amended complaint, plaintiff names two correctional officers at Kern Valley State Prison, Rocha and Medina as defendants. In his instant motions for injunctive relief however, plaintiff names Warden James Yates and the "defendant and respondent" in the case caption.

1

1  a combination of probable success and the possibility of irreparable harm, or (2) that serious
2  questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air
3  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must
4  demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the
5  plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
6  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
7  Id.

8  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
9  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
10 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
11 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
12 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
13 no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has
14 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
15 attempt to determine the rights of persons not before the court." Zepeda v. United States
16 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

17 In this instance, the events at issue in this action arose while plaintiff was incarcerated at the
18 Kern Valley State Prison. In his amended complaint, plaintiff alleges that defendants Medina and
19 Rocha used excessive force against him. (Doc. 11). Plaintiff is currently housed at Pleasant Valley
20 State Prison and the orders sought are aimed at remedying his current conditions of confinement at
21 that prison. The court does not jurisdiction in this action to issue the orders sought, as the case or
22 controversy requirement cannot be met in light of the fact that the issues plaintiff seeks to remedy
23 in his motions bear no relation to the past events at Kern Valley State Prison giving rise to this suit.

24 Therefore, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary
25 injunctive relief, filed June 9, 2008 and July 28, 2008, be DENIED.

26 These Findings and Recommendations will be submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
28 **days** after being served with these Findings and Recommendations, plaintiff may file written

1  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
4  1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 4, 2008**            /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE