IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RACKLIFFE, | 1:07-cv-00603-AWI-DLB (PC) |
| Plaintiff, | ORDER GRANTING FIRST MOTION TO EXTEND TIME TO RESPOND TO |
| vs. | COURT ORDER RE SERVICE; and |
| ROCHA, et al., | ORDER DENYING MOTION TO AMEND COMPLAINT |
| Defendants. | (Doc. 23) |
| _____/ | |

Plaintiff Brandon Rackliffe ("Plaintiff") is a prisoner proceeding pro se in a civil rights

action pursuant to 42 U.S.C. § 1983. On March 19, 2009, Plaintiff filed a motion to extend

time to respond to the court's order issued on February 9,2009 and to amend his complaint.

(Doc. 23).

**Motion To Extend Time**

Good cause having been presented to the court and GOOD CAUSE APPEARING

THEREFOR, IT IS HEREBY ORDERED that Plaintiff is granted thirty (30) days from the date

of service of this order in which to respond to the court order issued on February 9,2009.

The Clerk of the Court is HEREBY DIRECTED to forward to Plaintiff the necessary

service documents, as listed in Court Document #20, for Plaintiff's completion and return.

///

**Motion to Amend Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

In this case, Plaintiff previously amended his complaint on February 25, 2008 and may not file a further amended complaint without leave of the court. In his motion seeking leave, Plaintiff makes reference to a motion to amend previously filed on December 17, 2008, which included claims of excessive force and retaliation accruing January 1, 2008. Plaintiff now requests leave to amend his complaint to include his "1/1/2008 tort claim".

The Court is not aware of any motion to amend filed by Plaintiff on or around December 17, 2008. Further, this action is proceeding on Plaintiff's claims of excessive force by defendants on July 26, 2006. (Doc. 24). Although the Court may exercise supplemental jurisdiction over related state law claims if they arise out of the same "nucleus of operative facts" as the federal claims, it is not clear that the additional claims Plaintiff seeks to add are related to the federal claims alleged in his operative complaint. 28 U.S.C. §1367(a); Astro Music, Inc. v. Eastham, 564 F.2d 1236, 1238, fn2 (9th Cir. 1977). Accordingly, Plaintiff's motion for leave to amend the complaint is HEREBY DENIED.

IT IS SO ORDERED.

Dated:    **March 31, 2009**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE