# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RACKLIFFE,<br><br>            Plaintiff,<br><br>      v.<br><br>ROCHA, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-00603 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 32)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

Plaintiff Brandon Rackliffe ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on April 20, 2007 and is proceeding on Plaintiff's claims that defendants Rocha and Medina used excessive force against him, in violation of the Eighth Amendment of the United States Constitution.

On June 16, 2009, Plaintiff filed a motion for injunctive relief. Plaintiff moves for an order allowing Plaintiff access to the law library at Fresno County Jail, duplication services, as well as access to a "writing device". (Doc. 32.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

1

1  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must
2  demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the
3  plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must
4  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
5  Id.

6  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
7  have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
8  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
9  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
10 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has
11 no power to hear the matter in question.  Id.  "A federal court may issue an injunction *if* it has
12 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
13 attempt to determine the rights of persons not before the court."  Zepeda v. United States
14 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

15 In this instance, the events at issue in this action arose while plaintiff was incarcerated at
16 Kern Valley State Prison in Delano. (Docs. 11, 17.)  It appears that Plaintiff is currently housed at
17 the Fresno County Jail and the order sought is aimed at remedying his current conditions of
18 confinement at that facility.  The court does not jurisdiction in this action to issue the order sought,
19 as the case or controversy requirement cannot be met in light of the fact that the issues plaintiff seeks
20 to remedy in his motion bear no relation to the past events at Kern Valley State Prison Jail giving
21 rise to this suit.

22 Therefore, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary
23 injunctive relief, filed June 16, 2009, be DENIED.

24 These Findings and Recommendations will be submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
26 **days** after being served with these Findings and Recommendations, plaintiff may file written
27 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 18, 2009**                              **/s/ Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE