# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RACKLIFFE,<br><br>        Plaintiff,<br><br>   v.<br><br>ROCHA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-00603 AWI DLB PC<br><br>ORDER RE APPLICATION TO PROCEED IN FORMA PAUPERIS CONSTRUED AS REQUEST FOR SERVICE BY UNITED STATES MARSHAL<br><br>(Doc. 31)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND TO PLAINTIFF COPY OF COURT DOC. 28 AND COPY OF F.R.C.P. 4. |

       Plaintiff Brandon Rackliffe ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on April 20, 2007 and is proceeding on Plaintiff's claims that defendants Rocha and Medina used excessive force against him, in violation of the Eighth Amendment of the United States Constitution. On June 12, 2009, the Court issued Plaintiff two summons and directed Plaintiff to complete service on the defendants within 120 days. The Court's order provided Plaintiff with instructions on how to serve defendants, either by mailing each of them a Request for Waiver of Service of Summons or by personal service.

       On June 16, 2009, Plaintiff filed an application to proceed in forma pauperis. Plaintiff states that he has filed the application because Plaintiff cannot serve the complaint and summons, and cannot afford the filing fees.

       A review of the Court docket indicates that Plaintiff paid the $350.00 filing fee for this action on April 23, 2007 and therefore, an application to proceed in forma pauperis is moot. Since Plaintiff requests assistance with service of the summons and complaint, the Court construes Plaintiff's

1

1  application as a request for service by the United States Marshal pursuant to Fed.R. Civ. P. 4(c)(3).

2  Rule 4(c)(3) states:

**By a Marshal or Someone Specially Appointed.** At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Although Plaintiff states that he cannot serve the complaint and summons, he does not explain why he is unable to do so.[1] Plaintiff does not state whether he has attempted to serve Defendants by mailing them a "Notice of Lawsuit and Request for Waiver of Service of Summons" in care of the Litigation Coordinator. Plaintiff has not provided the Court with any reason to grant his request for service by the United States Marshal. Therefore, the request, filed June 16 2009, is HEREBY ORDERED DENIED without prejudice.

For Plaintiff's convenience the portion of the Court's previous order regarding service is restated below.

   I. Waiver of Service
   Pursuant to Rule 4(d)(2), Plaintiff may (but is not required to) notify Defendants Rocha and Medina of the commencement of this action and request that they waive service of the summons. Fed. R. Civ. P. 4(d)(2). If Plaintiff wishes to do this, he must mail each defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," and (3) a copy of the amended complaint. The documents must be addressed directly to each defendant (not the Attorney General's Office) and must be dispatched (mailed) through first-class mail. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each defendant at least thirty (30) days in which to return the waiver to Plaintiff. If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court. After filing the forms with the Court, Plaintiff need not take any further steps to serve Defendants. Fed. R. Civ. P. 4(d)(4).

   II. Personal Service
   If either (1) Plaintiff does not wish to request Defendants to waive service or (2) one or more of the defendants fail to return the Waiver of Service of Summons form to Plaintiff, Plaintiff must have personal service effected on Defendants. Each defendant must be personally served with a summons and copy of the amended complaint, along with a copy of this order. Plaintiff may not effect personal service himself. Fed. R. Civ. P. 4(c). Service may be effected by any person who is not a

---

[1] To the extent that Plaintiff is arguing that he cannot afford to initiate service, his form indicates that he receives approximately $100 per month from family members, of which 55% goes towards restitution, with the remainder used for access to legal resources, personal hygiene and living expenses. It is not clear that Plaintiff cannot afford postage to mail each defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," and (3) a copy of the amended complaint.

party to this action and who is at least eighteen years old. Id. The Court will provide Plaintiff with a copy of Rule 4 along with this order. Plaintiff should review Rule 4(e)(2), which addresses how personal service may be effected.

Accordingly, Plaintiff shall complete service of process on defendants Rocha and Medina within one-hundred twenty (120) days from the date of service of this order. Plaintiff's failure to timely complete service of the amended complaint on defendants Rocha and Medina may result in dismissal of this action. Fed. R. Civ. Pro. 4(m).

The Clerk of the Court is DIRECTED to send to Plaintiff another copy of Court Document 28, which includes instructions for Plaintiff on how to serve defendants, as well as an additional copy of Rule 4 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **June 24, 2009**           /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE