# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BRANDON RACKLIFFE,

          Plaintiff,

    v.

ROCHA, et al.,

          Defendants.

_____/

CASE NO. 1:07-CV-00603-AWI-DLB PC

ORDER TO SHOW CAUSE

(DOCS. 48, 49, 50)

RESPONSE DUE WITHIN 20 DAYS

Plaintiff Brandon Rackliffe ("Plaintiff") is a prisoner in the custody of the Fresno County Jail. Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Rocha and Medina for violation of the Eighth Amendment.

Plaintiff filed a motion to compel on July 1, 2010. Defendant Rocha filed an opposition to this motion on July 20, 2010. (Doc. 48.) Defense counsel contends that Defendant Medina was never served with the complaint, and thus does not have to respond to Plaintiff's discovery requests. (*Id.*) However, both Defendant Rocha and Medina filed an answer to Plaintiff's complaint on October 31, 2009, with defense counsel representing both individuals. (Doc. 40.) On October 4, 2010, the Court issued an order to show cause regarding this matter. (Doc. 49.) On October 20, 2010, defense counsel filed a response. (Doc. 50.)

Defense counsel declares that when his firm is contacted to represent the California Department of Corrections and Rehabilitation ("CDCR"), the case is already proceeding, and answers and various filings are due. (Terhorst Decl. ¶ 3.) Counsel declares that when a Request

1

1   For Representation ("RFR") is not included in the file sent to counsel's firm, counsel's firm's

2   practice is to contact the litigation coordinator at the prison where the plaintiff is housed to

3   determine if the named defendants have filled out a RFR or retained their own counsel.  (*Id.*)

4   Defense counsel declares that out of an abundance of caution, it is standard practice at his law

5   firm to file an answer for all named defendants while awaiting a RFR.  (*Id.*)

6          In this matter, counsel declares that he received an email from CDCR attorney Kay

7   Bassett on October 12, 2009 requesting that counsel's firm represent Defendants Rocha and

8   Medina.  (Id. ¶ 4; Ex. A, Email dated October 12, 2009.)  Counsel explained that the litigation

9   coordinator at Kern Valley State Prison ("KVSP") had been advised by the Office of the

10  Attorney General to return the complaint regarding Defendant Medina because he no longer

11  worked there, and that the OAG was unsure if service was proper on Defendant Rocha.  (*Id.* ¶ 4.)

12  The CDCR accepted counsel's firm's budget proposal on October 22, 2009.  (*Id.* ¶ 5.)  On

13  October 31, 2009, counsel filed an answer on behalf of both defendants "to protect defendants

14  Rocha and Medina legal interest."  (*Id.* ¶ 6.)

15         Rule 11(b) of the Federal Rules of Civil Procedure requires, *inter alia*, that all

16  representations to the Court are not being presented for any improper purpose, "to the best of the

17  person's knowledge, information, and belief, formed after a reasonably inquiry under the

18  circumstances."  Defense counsel does not explain why protecting a defendant's legal interest

19  would necessitate misrepresentations to the Court.  Defense counsel was informed that the KVSP

20  litigation coordinator had been advised to return the complaint as to Defendant Medina because

21  he no longer worked there.  Additionally, counsel had yet to receive a request for representation

22  from Defendant Medina in this matter.  Thus, defense counsel was aware that 1) service of

23  process was not proper on Defendant Medina, *see* Fed. R. Civ. P. 4(e), and 2) he did not yet

24  represent Defendant Medina in this action.  Defense counsel nonetheless filed an answer on

25  behalf of Defendant Medina.

26         It is unclear whether defense counsel is currently representing Defendant Medina in this

27  action.  If Defendant Medina is represented by defense counsel, he has appeared in this action by

28  reason of the filed answer, and has waived service of process, as the answer makes no objection

1  regarding process.  *See* Fed. R. Civ. P. 12(h) (party waives defense of insufficient process by

2  failing to include it in responsive pleading).

3      Accordingly, Defense counsel is HEREBY ORDERED to show cause within twenty days

4  from the date of service of this order.  Defense counsel must declare whether he is representing

5  Defendant Medina in this matter.  If Defendant Medina is represented by counsel, then service of

6  process in this matter has been waived, as Defendant Medina filed an answer to Plaintiff's

7  amended complaint and did not object.  If Defendant Medina is not represented by counsel, then

8  defense counsel has violated Rule 11 and sanctions will be imposed, as later to be determined by

9  this Court.

10     IT IS SO ORDERED.

11  **Dated:  October 29, 2010**          _____**/s/ Dennis L. Beck**_____
                                        UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3