# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RACKLIFFE,<br><br>    Plaintiff,<br><br>    v.<br><br>ROCHA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-CV-00603-AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S AMENDED MOTIONS TO COMPEL<br><br>(DOCS. 59, 60, 61, 62, 63, 64)<br><br>SECOND AMENDED MOTION TO COMPEL DUE WITHIN THIRTY DAYS |

    Plaintiff Brandon Rackliffe ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").   Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint against Defendants Rocha and Medina for excessive force in violation of the Eighth Amendment.

    On July 1, 2010, Plaintiff filed a motion to compel.  On February 2, 2011, the Court denied Plaintiff's motion with leave to amend.  The Court found that Plaintiff had stated with specificity which of Defendants' responses were inadequate.  Pending before the Court are Plaintiff's amended motions to compel, filed April 20, 2011.  Docs. 59, 60, 61, 62, 63, 64.  On May 9, 2011, Defendants filed their opposition.  Docs. 65, 66, 67, 68, 69, 70, and 71.  The matter is submitted pursuant to Local Rule 230(l).

    Plaintiff moves to compel further response from Defendant Rocha regarding Plaintiff's request for production of documents (Doc. 60), requests for admissions (Doc. 63), and interrogatories (Doc. 64).  Plaintiff also moves to compel further response from Defendant

1

Medina regarding Plaintiff's request for production of documents (Doc. 59), requests for admissions (Doc. 62), and interrogatories (Doc. 61).

Plaintiff's motions list objections raised by Defendants to certain discovery requests, and Plaintiff's arguments against these objections. However, Plaintiff's motions all fail to identify specifically which of Defendants' responses were inadequate.

> The court does not hold litigants proceeding pro se to the same standards that it holds lawyers. However, as the moving party, Plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel, which of Defendants' responses are disputed, why he believes Defendants' responses are deficient, why Defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. *See*, *e.g.*, *Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

*Haynes v. Sisto*, 2010 U.S. Dist. LEXIS 121246, at *2-3 (E. D. Cal. Oct. 29, 2010); *see also Williams v. Flint*, No. CIV S-06-1238 FCD GGH P, 2007 U.S. Dist. LEXIS 98794, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 3, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete."). Plaintiff's motions only raise arguments against Defendants' objections. While many of these arguments are well-founded, Plaintiff fails to identify specifically which of Defendants' responses are inadequate and why. Plaintiff listing all of the discovery requests as inadequate is insufficient. Plaintiff has also not explained the relevance of any of his discovery requests. Plaintiff had been previously warned by this Court to identify with specificity which of Defendants' responses Plaintiff considered inadequate. Plaintiff has failed to do so in all of his motions to compel. Thus, Plaintiff has not met his burden.[1]

---

[1] Defendants also request sanctions pursuant to Rule 11(b) of the Federal Rules of Civil Procedure against Plaintiff for filing frivolous motions regarding his requests for admissions. Defs. Opp'ns, Docs. 69, 70. However, no sanctions shall be imposed on Plaintiff. Defendants have failed to demonstrate compliance with Rule 11(c)(2) of the Federal Rules of Civil Procedure for the imposition of Rule 11(b) sanctions.

1    Because Plaintiff is proceeding pro se, and Plaintiff may be able to cure the deficiencies
2 in his motion, the Court will grant Plaintiff one final opportunity to file a second amended
3 motion to compel concerning the discovery requests at issue here. Plaintiff is warned that he
4 must cure the deficiencies in his motions to compel, by "informing the court which discovery
5 requests are the subject of his motion to compel, which of Defendants' responses are disputed,
6 why he believes Defendants' responses are deficient, why Defendants' objections are not
7 justified, and why the information he seeks through discovery is relevant to the prosecution of
8 this action." *Haynes*, 2010 U.S. Dist. LEXIS 121246, at *2.

   Based on the foregoing, it is HEREBY ORDERED that

   1.   Plaintiff's motions to compel, filed April 20, 2011, are DENIED; and
   2.   Plaintiff is granted leave to file a second amended motion to compel, curing the
        deficiencies identified herein, within thirty (30) days from the date of service of
        this order.

IT IS SO ORDERED.

Dated:   **October 13, 2011**              /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE