# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BRANDON RACKLIFFE,

                Plaintiff,

    v.

P. ROCHA, et al.,

                Defendants.

_____/

CASE NO. 1:07-cv-00603-AWI-DLB PC

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

(DOC. 79)

Plaintiff Brandon Rackliffe ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint against Defendants Rocha and Medina for excessive force in violation of the Eighth Amendment.

Pending before the Court is Plaintiff's motion to compel, filed December 13, 2011. Doc. 79. Defendants filed their opposition on January 2, 2012. Doc. 80. Plaintiff filed his reply on January 11, 2012. Doc. 81. The matter is submitted pursuant to Local Rule 230(l).

## I.   Motion To Compel

This motion to compel is the third iteration. Plaintiff filed his first motion to compel on July 1, 2010. Doc. 46. The Court denied the motion without prejudice to amending on February 2, 2011. Doc. 53. On April 20, 2011, Plaintiff filed his amended motions to compel. Docs. 59 to 63. On October 13, 2011, the Court again denied Plaintiff's motion, with leave to amend. Doc. 74. Pending is Plaintiff's motion, filed December 13, 2011. Plaintiff moves to compel

1

further response to the following: 1) Plaintiff's Request For Admissions to Defendant Rocha

Nos. 10, 12, 13, 14, 16, 17, 18, 21, 22, 23, and 24; 2) Plaintiff's Request For Production of

Documents to Defendant Rocha Nos. 1 through 25; 3) Plaintiff's Interrogatories to Defendant

Rocha Nos. 1 through 23; 4) Plaintiff's Request For Admissions to Defendant Medina Nos. 1, 2,

3, 4, 9, 10, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, and 24; 5) Plaintiff's Request For

Production of Documents to Defendant Medina Nos. 1 through 25; and 6)  Plaintiff's

Interrogatories to Defendant Medina Nos. 1 through 23.[1]

### A.   Request For Admissions

#### 1.   Legal Standard

A party may serve on any other party a written request to admit, for purposes of the

pending action, the truth of any matters within the scope of Rule 26(b)(1) of the Federal Rules of

Civil Procedure.  Fed. R. Civ. P. 36(a)(1).  "Parties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense – including the existence,

description, nature, custody, condition, and location of any documents or other tangible things

and the identity and location of persons who know of any discoverable matter." *Id.* 26(b)(1).

"Relevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence." *Id.*

#### 2.   Admissions To Defendant Rocha

Plaintiff submits a document entitled "Plaintiff Brandon Woody Rackliffe's

Supplemental Motion to Compel Defendant P. Rocha's Response to Request for Admissions."

Doc. 79-1.  Plaintiff purports to list his disputes with Defendant Rocha's objections to his request

for admissions.  A review of Defendant Rocha's responses, however, indicates that Defendant

Rocha did not object to Plaintiff's Requests for Admissions.[2]  Defendant Rocha either admitted

---

[1] Plaintiff submitted his motion to compel in duplicate, which the Court did not request. Plaintiff's motion is lengthy, and presents arguments intended to prove his case, rather than more narrowly tailored as to the relevance of his discovery requests.  The Court does not address the merits of Plaintiff's claims.

[2] Plaintiff fails to provide a copy of the discovery requests that he served on Defendants. Defendants in their May 9, 2011 opposition to Plaintiff's first amended motion to compel include

or denied almost all of Plaintiff's Request For Admissions, which is an appropriate answer.  Fed.
R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in
detail why the answering party cannot truthfully admit or deny it.").  Defendant Rocha did not
provide a response to Request For Admission No. 25.   Plaintiff request states, "Admit P. Rocha
was previously employed at Pleasant Valley State Prison."  Defendant Rocha's response is,
"Responding Party does not understand the question."  However, Plaintiff's December 13, 2011
motion to compel fails to explain why Defendant Rocha's response was inadequate, or the
relevance of the discovery request.  Plaintiff has not demonstrated why Defendant Rocha should
be compelled to provide further response.  Thus, Plaintiff's motion to compel further response to
Requests For Admissions served on Defendant Rocha are denied.

### 3.     Admissions To Defendant Medina

Plaintiff submits a document entitled "Plaintiff Brandon Woody Rackliffe's
Supplemental Motion to Compel Defendant J. Medina's Response to Request for Admissions."
Doc. 79-6.  Plaintiff purports to list his disputes with Defendant Medina's objections to his
request for admissions, and why Defendant Medina's responses were inadequate.  A review of
Defendant Medina's responses, however, indicates that Defendant Medina either admitted or
denied all of Plaintiff's Requests For Admissions.  As stated previously, such answers are
appropriate.  Fed. R. Civ. P. 36(a)(4).   Plaintiff has not demonstrated why Defendant Medina
should be compelled to provide further response.  Thus, Plaintiff's motion to compel further
response to Requests For Admissions served on Defendant Medina are denied.

### B.     Interrogatories

### 1.     Legal Standard

An interrogatory may relate to any matter that may be inquired into under Rule 26(b) [of
the Federal Rules of Civil Procedure]."  Fed. R. Civ. P. 33(a)(2); *see also id.* 26(b)(1) ("Parties
may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or
defense – including the existence, description, nature, custody, condition, and location of any

the requests and objections.  Docs. 65 to 71.

3

1  documents or other tangible things and the identity and location of persons who know of any

2  discoverable matter.").

3      The responding party is obligated to respond to the interrogatories to the fullest extent

4  possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ.

5  P. 33(b)(4). The responding party shall use common sense and reason. *E.g.*, *Collins v. Wal-Mart*

6  *Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A

7  responding party is not generally required to conduct extensive research in order to answer an

8  interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No.

9  S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding

10  party has a duty to supplement any responses if the information sought is later obtained or the

11  response provided needs correction. Fed. R. Civ. P. 26(e)(1).

12         **2.    Interrogatories To Defendant Rocha**

13      Plaintiff was required to cure deficiencies in his motion to compel by "informing the

14  court which discovery requests are the subject of his motion to compel, which of Defendants'

15  responses are disputed why he believes Defendants' responses are deficient, why Defendants'

16  objections are not justified, and why the information he seeks through discovery is relevant to the

17  prosecution of this action." *Haynes v. Sisto*, 2010 U.S. Dist. LEXIS 121246, at *2-3 (E. D. Cal.

18  Oct. 29, 2010). Plaintiff's motion includes arguments as to why correctional officers failed to

19  obtain inmate witnesses after the use of force on July 26, 2006, and inconsistencies in the reports

20  filed regarding the incident. That is not informative as to which discovery requests are the

21  subject of the motion to compel, why Defendants' responses are deficient, and the relevance of

22  the requests. A motion to compel is a means of compelling discovery responses. Fed. R. Civ. P.

23  37(a)(3)(B). Plaintiff only lists Interrogatories Nos. 7, 8, 9, and 10 to Defendant Rocha. The

24  Court will consider only the interrogatories Plaintiff specifically listed and addressed in his

25  motion.

26  **Interrog. No. 7:**    Identify all policy and procedures involved with the release of inmates to

27              access the exercise yard.

28  **Interrog. No. 8:**    Identify all policy and procedures involved with (RDO), regular day off,

1                      yard access in place at KVSP on July 25, 2006.

2 **Interrog. No. 9:**        Identify all policy and procedures involved with scheduled and

3                      unscheduled movement of inmates.

4 **Interrog. No. 10:**      Identify all policy and procedures staff shall follow who either observe, or

5                      use, "use of force greater than verbal persuasion" per CDCR policy.

6 **Responses:**     Objection. This request is compound, contains subparts and is conjunctive.

7                      Defendant further objects that this request is violative of the attorney-client and/or

8                      work product protections, over breadth, not relevant, nor likely to lead to the

9                      discovery of relevant admissible evidence. It also violates the privacy interests of

10                   third parties and seeks information from defendant's personnel file in violation of

11                   the official Information privilege. Subject to and without waiving these

12                   objections, Defendant responds as follows: Don't know.

13      Plaintiff fails to explain the relevance of Interrogatories Nos. 7, 8, and 9.  Plaintiff

14 contends that  Defendant Rocha had numerous responsibilities as a tower officer, including

15 knowledge of procedures involving inmate movement.  Pl.'s P&A 17:4-23. Plaintiff contends

16 that Defendant Rocha created the problem by releasing Plaintiff on the yard.  *Id.*  Whether

17 Plaintiff should have been released on the yard on July 26, 2006 does not demonstrate whether

18 Defendant Rocha used excessive force.  Plaintiff does not explain how policies and procedures

19 involving release of inmates to access the exercise yard, regular day off yard access in place at

20 KVSP, and scheduled and unscheduled movement of inmates is relevant or reasonably calculated

21 to lead to the discovery of admissible evidence in this action.  Accordingly, Plaintiff's motion to

22 compel further response from Defendant Rocha to Interrogatories Nos. 7, 8, and 9 is denied.

23      Regarding Interrogatory No. 10, Plaintiff contends that it is "beyond belief" that

24 Defendant Rocha does not know all policies and procedures for use of force per CDCR policy;

25 Pl.'s P. & A. 12:121-17, Doc. 79.  Defendants contend that Defendant Rocha's answers are

26 truthful and accurate.  Defs.' Opp'n 2:16-17:3.  Defendants also rely on their objections.

27      The objection that the request is compound, contains subparts, and is conjunctive is

28 unpersuasive.  Defendants are capable of understanding Plaintiff's discovery requests as phrased.

As to the objection for work product or attorney-client privilege, this objection is unpersuasive. The information sought by Plaintiff is identification of the policies and procedures and use of force greater than verbal persuasion.  None of this information is attorney-client privileged or work product.  *See* Fed. R. Civ. P. 26(b)(3)(A) (defining work product as "documents and tangible things that are prepared in anticipation of litigation or for trial."); *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992) (party asserting attorney-client privilege has burden of proving that privilege applies to given set of documents or communications).  As to the objection for relevance,  Plaintiff contends that Defendant Rocha used unnecessary force when he fired his weapon from the guard tower at Plaintiff's direction. Identifying the policies governing use of force are relevant.  Defendants' objections regarding relevance are likewise unpersuasive.

Defendants do not explain how identifying these policies and procedures implicates any third party privacy concerns.  Defendants do not explain how the interrogatory seeks information from Defendant Rocha's personnel records, or would violate official information privilege.  Fed. R. Civ. P. 26(b)(5) (party asserting privilege must expressly make and describe claim).

The answering party must make reasonable effort to answer the serving party's interrogatories.  *L.H.*, 2007 WL 2781132 at *2.  Defendants have not explained what reasonable efforts they undertook to answer the interrogatory.  Accordingly, Plaintiff's motion to compel further response from Defendant Rocha to Interrogatory No. 10 is granted.

### 3.    Interrogatories to Defendant Medina

Plaintiff did not identify which interrogatories Plaintiff seeks further response from Defendant Medina, explain the relevance of the interrogatories, or describe the deficiency of Defendant Medina's responses.  Accordingly, Plaintiff's motion to compel further response to interrogatories served on Defendant Medina is denied.

### C.    Production Of Documents

### 1.    Legal Standard

In responding to discovery requests, defendants must produce documents or other tangible things which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a).

1    Responses must either state that inspection and related activities will be permitted as requested,

2    or state an objection, including the reasons. *Id.* 34(b)(2)(B).

3        Actual possession, custody, or control is not required. "A party may be ordered to

4    produce a document in the possession of a non-party entity if that party has a legal right to obtain

5    the document or has control over the entity who is in possession of the document. *Soto v. City of*

6    *Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in *Allen v. Woodford*,

7    2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal

8    citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has
> actual possession, custody, or control thereof or the legal right to obtain the
> property on demand. A party having actual possession of documents must allow
> discovery even if the documents belong to someone else; legal ownership of the
> documents is not determinative. Control need not be actual control; courts
> construe it broadly as the legal right to obtain documents upon demand. Legal
> right is evaluated in the context of the facts of each case. The determination of
> control is often fact specific. Central to each case is the relationship between the
> party and the person or entity having actual possession of the document. The
> requisite relationship is one where a party can order the person or entity in actual
> possession of the documents to release them. This position of control is usually
> the result of statute, affiliation or employment. Control may be established by the
> existence of a principal-agent relationship.

16   Such documents also include documents under the control of the party's attorney. *Meeks v.*

17   *Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009)

18   (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210,

19   212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his

20   attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill.

21   1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or

22   component thereof shall be released to any agency or person outside the department, except for

23   private attorneys hired to represent the department, the office of the attorney general, the Board

24   of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").

25              **2.    Requests To Defendants Rocha and Medina**

26        Plaintiff moves to compel further response to Requests for Production of Documents

27

28

7

1   ("RFD") Nos. 5, 7, 9, 12, 14, and 18.[3]

2   **RFD. No. 5:**     Any and all electronic surveillance, digital images, video tapes taken by B-Yard

3                       Facility Yard monitor surveillance cameras. This shall identify the specific

4                       incident of July 26, 2006, shooting of Plaintiff.

5   **Response:**       Objection. This request is compound, vague and ambiguous as to the phrase

6                       "electronic surveillance, digital images, video tapes." Defendant further objects

7                       that this request is violative of the attorney-client and/or work product protections,

8                       over breadth, not relevant, nor likely to lead to the discovery of relevant

9                       admissible evidence. It also violates the privacy interests of third parties, the

10                      Official Information Privilege and is unduly burdensome. Subject to and without

11                      waiving these objections, defendant responds as follows: After a Diligent search

12                      and reasonable inquiry, no such documents are in the custody, control or

13                      possession of Defendant.

14          Plaintiff contends that the relevancy of the recording of the incident is obvious.  Pl.'s P. &

15   A. 14:3-9.  Defendants contend that these documents are not directly in Defendant's control, and

16   the burden should not be placed on Defendants to produce the documents.  Defs.' Opp'n 4:22-

17   5:6.  Defendants contend that Plaintiff has other means by which to obtain the recordings.  *Id.*

18          Defendants' objections are denied for the reasons set forth regarding Interrogatory No. 10

19   to Defendant Rocha.  The phrase "electronic surveillance, digital images, video tapes" may not

20   be completely clear, but Defendants appear cognizant that it refers to recordings of the July 26,

21   2006 incident at issue in this action.  The request is clearly relevant.  The issue remaining is

22   whether Defendants' response is sufficient.

23          Defendants' objection that Plaintiff can obtain this discovery through other means is

24   unavailing.  The Court may limit discovery if the discovery sought "can be obtained from some

25   other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P.

26

27   _____

28          [3] Plaintiff's Requests for Production of Documents are the same for both Defendants,
     except for the name listed.  The Court will address both set of requests.

26(b)(2)(C)(i).  Defendants provide no explanation as to how Plaintiff can obtain this discovery in a more convenient, less burdensome, or less expensive manner.  It is this Court's experience that Plaintiff, a prisoner, is not permitted possession, custody, or control over recordings, which makes discovery of the recording not convenient for Plaintiff to seek.  With regards to burden, the burden is greater with Plaintiff, as he is a prisoner proceeding pro se.  With regards to expense, the costs of issuing and serving a subpoena for these documents is likely even between the parties, and possibly more expensive for Plaintiff.  The recording of this incident is readily obtainable by Defendants' counsel.  Accordingly, Plaintiff's motion to compel further response to Request For Production of Documents No. 5 is granted.[4]

**RFD No. 7:**     Any and all documents and audio taped interviews conducted on or about September 26, 2006, that refer or relate to the July 26, 2006 shooting of Plaintiff.

**Response:**     Objection. This request is compound, vague and ambiguous as to the phrase "documents and audio taped interviews." Defendant further objects that this request is violative of the attorney-client and/or work product protections, over breadth, not relevant, nor likely to lead to the discovery of relevant admissible evidence. It also violates the privacy interests of third parties, the Official Information Privilege and is unduly burdensome. Subject to and without waiving these objections, defendant responds as follows: No documents will be produced.

Plaintiff contends that he is entitled to recordings by Plaintiff regarding this incident. Pl.'s P. & A. 13:20-25.  Plaintiff seeks a recording of an interview conducted by officer D. Briggs on September 26, 2006, acting on behalf of the Deadly Force Review Board.  Pl.'s Mot. In Camera Review 1-2, Doc. 79.  This interview allegedly concerned the use of force on July 26, 2006, the incident at issue in this action.  *Id.*  Defendants do not address this request.

---

[4] This is not to say that Plaintiff is to be given full possession of such video if it exists, if such possession would jeopardize institutional security.  However, Plaintiff is entitled to inspection of relevant discovery.  Fed. R. Civ. P. 34(a)(1).  It is this Court's experience that coordination with the litigation coordinator at Plaintiff's prison will provide Plaintiff the opportunity to inspect relevant discovery while mitigating any institutional security concerns. The Defendants may also move for a protective order if necessary.

1    Defendants' objections are denied  denied for the reasons set forth regarding Interrogatory

2  No. 10 to Defendant Rocha.  As stated previously regarding RFD No. 5, Defendants will be

3  required to produce a further response.  Accordingly, Plaintiff's motion to compel further

4  response to Request For Production of Documents No. 7 is granted.

5  **RFD No. 9:**    Any and all documents that refer or relate to July 26, 2006 shooting taken by

6    "Internal Affairs" Officer Lt. Corely of Pleasant Valley State Prison. This request

7    should also provide any and all documents in support of or, refer or relate to P.

8    Rocha's past work history at Pleasant Valley State Prison "prior" to July 26, 2006.

9  **Response:**    Objection. This request is compound, vague and ambiguous as to the phrase

10    "Internal Affairs." Defendant further objects that this request is violative of the

11    attorney-client and/or work product protections, over breadth, not relevant, nor

12    likely to lead to the discovery of relevant admissible evidence. It also violates the

13    privacy interests of third parties, the Official Information Privilege and is unduly

14    burdensome. Subject to and without waiving  these objections, defendant

15    responds as follows: Cannot respond to this Request as phrased.

16    Plaintiff contends that Lieutenant Corely interviewed Plaintiff regarding this incident, and

17  that the interview is relevant.  Pl.'s Mot. In Camera Review 2, Doc. 79.  Plaintiff contends that

18  lieutenant Corely from internal affairs interviewed Plaintiff twice, following an alleged beating

19  by correctional officers on January 1, 2008 at Pleasant Valley State Prison ("PVSP").  *Id.*

20  Plaintiff contends that during the interviews he discussed two incidents of assaults following the

21  July 26, 2006 incident.  *Id.*  Plaintiff alleges that lieutenant Corely confirmed certain facts which

22  support Plaintiff's version of events, including inmate McMann being on top of Plaintiff and no

23  weapon being at the scene.  Defendants do not address this request.  In light of Defendants' non-

24  response to this request in Plaintiff's motion to compel, the Court finds that these documents

25  should be produced.  With regards to Defendant Rocha's prior work history at PVSP, the Court

26  will limit the request to records pertaining to excessive or unnecessary use of force by Defendant

27  Rocha.  Defendants may move for a protective order if necessary.  Accordingly, Plaintiff's

28  motion to compel further response to Request For Production No. 9, as to Defendant Rocha, is

1  granted.

2      Plaintiff's request will be denied as to Defendant Medina.  Defendant Medina denied ever

3  working at PVSP prior to July 26, 2006.

4  **RFD No. 12:**  Any and all documents relating to allegations of excessive force and fabricated

5          incident reports while Warden Knowles and Warden Hedgpath were wardens at

6          KVSP.

7  **Response:**  Objection. This request is compound, vague and ambiguous as to the phrase

8          "excessive force and fabricated incident." Defendant further objects that this

9          request is violative of the attorney-client and/or work product protections, over

10         breadth, not relevant, nor likely to lead to the discovery of relevant admissible

11         evidence. It also violates the privacy interests of third parties, the Official

12         Information Privilege and is unduly burdensome. Subject to and without waiving

13         these objections, defendant responds as follows:  No documents will be produced.

14     Plaintiff contends that this information is necessary because there was a cover-up of the

15  incident by the wardens at KVSP.  Pl.'s Mot. In Camera Review 3-5.  Plaintiff lists several

16  policies which allegedly indicate that Defendant P. Rocha should not have placed Plaintiff on the

17  yard, correctional staff failed to document witnesses, and warden Hedgpeth failed to consider a

18  staff complaint against Defendant Rocha.  *Id.*  Defendants do not address this request.

19     The request for production is not reasonably calculated to lead to the discovery of

20  admissible evidence.  Plaintiff seeks documents which demonstrate that he was retaliated against

21  for filing a grievance and that proper procedure was not followed regarding the July 26, 2006

22  incident.  These are not claims in this action.  Plaintiff's claims in his first amended complaint

23  concern only the use of force by Defendants Medina and Rocha on July 26, 2006.  Accordingly,

24  Plaintiff's motion to compel further response to Request For Production No. 12 is denied.

25  **RFD No. 14:**  Any and all documents that refer or relate to the reprimand or interdepartmental

26          investigation of staff at KVSP for placing photographs of Plaintiff's injuries

27          (taken on July 26, 2006, while at the medical facility) on the internet, specifically,

28          facility (A) Sgt. Wetherford and Sgt. Lantz.

1   **Response:**        Objection. This request is compound, vague and ambiguous. Defendant further

2                        objects that this request is violative of the attorney-client and/or work product

3                        protections, over breadth, not relevant, nor likely to lead to the discovery of

4                        relevant admissible evidence. It also violates the privacy interests of third parties,

5                        the Official Information Privilege, HIPPA, and is unduly burdensome. Subject to

6                        and without waiving these objections, defendant responds as follows: No

7                        documents will be produced.

8           Plaintiff contends that a photograph of Plaintiff's injured hand was submitted on an

9   internet message board of correctional officers.  Pl.'s Mot. In Camera Review 5.  Plaintiff

10  contends that sergeants Wetherford and Lantz, with Defendant Rocha, are responsible for posting

11  the photograph of Plaintiff's hand after the incident.  *Id.*  Plaintiff contends that publishing this

12  photograph on the internet would demonstrate Defendant Rocha's state of mind and character.

13  *Id.*  Defendants do not address this request.

14          The request is reasonably calculated to lead to the discovery of admissible evidence, as it

15  may go towards Defendant Rocha's state of mind.  Plaintiff's request is denied to the extent it

16  refers only to sergeants Wetherford and Lantz.  Plaintiff does not explain how sergeants

17  Wetherford and Lantz are material to demonstrating whether Defendant Rocha used excessive

18  force on Plaintiff.   It is Defendant Rocha's conduct which is material.  Accordingly, Plaintiff's

19  motion to compel further response to Request For Production No. 14 is granted in part as to

20  Defendant Rocha.  Plaintiff's request regarding Defendant Medina is denied.  Plaintiff makes no

21  argument that Defendant Medina was involved in posting any photographs regarding the

22  incident.

23  **RFD 18:**          Any and all documents that refer to relate to the suspect Jimmy McMann. These

24                       documents shall include all interviews and outside law enforcement reports.

25                       Suspect was also shot on July 26, 2006. Any and all personal statements made

26                       regarding July 26, 2006.

27  **Response:**        Objection. This request is compound, vague and ambiguous as to the phrase

28                       "outside law enforcement reports." Defendant further objects that this request is

1    violative of the attorney-client and/or work product protections, over breadth, not

2    relevant, nor likely to lead to the discovery of relevant admissible evidence. It also

3    violates the privacy interests of third parties, the Official Information Privilege

4    and is unduly burdensome. Subject to and without waiving these objections,

5    defendant responds as follows: No documents will be produced.

6    Plaintiff contends that inmate McMann's version of events is relevant to this action.  Pl.'s

7    Mot. In Camera Review 6.   McMann was the inmate who was involved in the altercation with

8    Plaintiff on July 26, 2006, and was also shot.  *Id.*  Plaintiff seeks incident reports and inmate

9    McMann's institutional grievance regarding this incident.  *Id.*  Defendants do not address this

10   request.

11   The request is reasonably calculated to lead to the discovery of admissible evidence.

12   Inmate McMann was involved in the incident at issue.  Because this information implicates third-

13   party privacy concerns, a protective order may be necessary for reasonable restrictions on

14   Plaintiff's access.

15   **II.     Conclusion And Order**

16   Based on the foregoing, it is HEREBY ORDERED that:

17   1.      Plaintiff's motion to compel, filed December 13, 2011, is granted in part and

18          denied in part;

19   2.      Plaintiff's motion is denied as to all Requests For Admissions;

20   3.      Plaintiff's motion is granted as to Interrogatory No. 10 to Defendant P. Rocha, and

21          denied as to all other interrogatories and Defendant Medina;

22   4.      Plaintiff's motion is granted as to Requests For Production of Documents Nos. 5,

23          7, 9, 14, and 18, as stated herein to Defendant Rocha, and denied as to all other

24          requests and as to Defendant Medina;

25   5.      Defendants are to serve further response within forty-five (45) days from the date

26          of service of this order;

27   6.      Defendants are to file a notice regarding their further response with the Court

28          within forty-five (45) days from the date of service of this order; and

7.    A motion for protective order, if any, is to be filed within fourteen (14) days from the date of service of this order.  Plaintiff will be provided the opportunity to file a response to the motion for protective order within fourteen (14) days from the date of service of the motion.

IT IS SO ORDERED.

**Dated:**   **April 6, 2012**          _____/s/ **Dennis L. Beck**_____
                                         UNITED STATES MAGISTRATE JUDGE