# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RACKLIFFE,<br><br>            Plaintiff,<br><br>   v.<br><br>P. ROCHA, et al.,<br><br>            Defendants. | 1:07-cv-00603-AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR MODIFICATION OF DISCOVERY AND SCHEDULING ORDER<br><br>(DOC. 77) |

      Plaintiff Brandon Rackliffe ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants P. Rocha and J. Medina for excessive force in violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion to modify the discovery and scheduling and re-open discovery, filed November 7, 2011. The matter is submitted pursuant to Local Rule 230(l).

      Plaintiff had previously filed a motion to modify the discovery cut-off date on April 12, 2011. The Court denied that motion, finding that Plaintiff had failed to provide good cause as required under Rule 16(b)(4) of the Federal Rules of Civil Procedure. Plaintiff moves for reconsideration of that order. Thus, the motion will be construed as one for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

      Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for

reconsideration must be made within a reasonable time.  *Id.*

Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).  Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original).

Plaintiff now provides his arguments as to why discovery should be re-opened for a limited purpose.  Plaintiff had been away at court for two years and was unable to access his legal materials in this action until April of 2011.  Pl.'s Mot. ¶ 15.  Plaintiff contends that Defendant Rocha was the subject of a lawsuit in August 19, 2008 and November 25, 2009 for use of force.  *Id.* ¶¶ 7-8.  Plaintiff contends that Defendant Rocha was subsequently fired.  *Id.* ¶ 9.[1]

Plaintiff moves to serve discovery requests on Defendant Rocha regarding these subsequent incidents for the following reasons: 1) to locate witnesses to testify as to Defendant's character, 2) to refresh the recollection of witnesses regarding these incidents, 3) to prepare for cross-examination and impeachment of witnesses, 4) to assess the credibility of Defendants and their witnesses, and 5) to impeach the testimony of officers involved in these acts, demonstrating

---

[1]  Plaintiff also contends that Defendant Rocha's wife was fired.  Plaintiff fails to demonstrate how she is relevant to this action.

1 their character and readiness to lie. *Id.* ¶ 12.

2  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

8  Plaintiff has failed to demonstrate that the discovery he seeks is reasonably calculated to lead to the discovery of admissible evidence. Evidence of Defendant's character is not admissible. Fed. R. Evid. 404(a). Plaintiff has failed to demonstrate how evidence regarding incidents that happened after the alleged incident against Plaintiff would demonstrate any motive or intent by Defendant. Such subsequent incidents would demonstrate, at best, Defendant's character, which is inadmissible. The Court does not find that the production of any documents related to these subsequent incidents would be reasonably calculated to lead to the discovery of admissible evidence. Even if relevant, the production of such evidence during trial is likely to violate Rule 403 of the Federal Rules of Evidence, which allows the Court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. While relevance for the purposes of discovery is a more lenient standard than relevance for the purposes of admissibility of evidence, Plaintiff has not demonstrated that his discovery requests will be reasonably calculated to lead to the discovery of admissible evidence. It will at best lead to the discovery of inadmissible evidence.

22  Plaintiff has not demonstrated cause to modify the Court's discovery and scheduling order. Plaintiff has also not met the requirements for reconsideration of the Court's previous order. Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion, filed November 7, 2011, is denied.

26  IT IS SO ORDERED.

27  Dated: **April 24, 2012**    **/s/ Dennis L. Beck**
                UNITED STATES MAGISTRATE JUDGE