UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RACKLIFFE,<br><br>          Plaintiff,<br><br>   v.<br><br>P. ROCHA, et al.,<br><br>          Defendants. | CASE NO. 1:07-cv-00603-MJS PC<br><br>**ORDER REGARDING SERVICE OF SUBPOENAS AND MONEY ORDERS**<br><br>RESPONSE DUE WITHIN TEN DAYS |

    Plaintiff Brandon W. Rackliffe ("Plaintiff") is a prisoner in the custody of the California Department of Correction and Rehabilitation.  Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  The action is proceeding on Plaintiff's First Amended Complaint against Defendants Rocha and Medina for excessive force in violation of the Eighth Amendment.

    On January 10, 2013 Plaintiff submitted 29 money orders, one for each unincarcerated witness Plaintiff intends to subpoena to appear for trial.  Plaintiff had requested service of these supoenas by the United States service of all such witnesses by the USMS or otherwise.

    First, Plaintiff, when questioned during the Pre-Trial Hearing, was unable to identify any relevant testimony he believes any such witness might offer.  Even if he

1

had, the Court currently is unable to envision any circumstance in which more than one or two might offer non-cumulative, admissible evidence in this relatively straight-forward case. Plaintiff must reconsider his decision in light of the Court's comments and determine if he wishes to to incur the cost involved in subpoenaing witnesses who likely will not testify. Witnesses subpoenaed without justification might seek redress from Plaintiff.

Second, Plaintiff is not entitled to cost-free service by the USMS because Plaintiff is not proceeding in forma pauperis. Thus, if the USMS does serve subpoenas on Plaintiff's behalf, it may seek repayment of costs from Plaintiff (who, having secured funds for witness fees, demonstrates he is not without financial means). This may be more costly than if Plaintiff secures the services of a private process server.

Third, there will be a delay in the amount of time available for service by the USMS. If Plaintiff pursues USMS assistance, the Court will send Plaintiff twenty-nine forms for completion. It may be weeks before they reach Plaintiff, are completed and returned to the Court. Additional time will be needed to actually serve the witnesses. If not timely served, the witnesses may not appear for trial. Service by a private process server may well be faster, and easier and subject to greater management and control by Plaintiff.

If Plaintiff advises he will proceed, if at all, via service by a private process server, the Court will return the money orders to Mr. C. Wallace Coppock, the individual who sent them to the Court initially. The Court also will send to either Plaintiff or Mr. Coppock, as Plaintiff directs, blank subpoenas for this action and leave responsibility for service to Plaintiff.

Accordingly, it is HEREBY ORDERED that:

1.  Within ten (10) days from the date of service of this order, Plaintiff will notify the Court whether he wishes to have the United States Marshals Service serve subpoenas on any of the twenty-nine unincarcerated witnesses he previously identified or whether he wishes to secure the services of a private process server; and

2. If Plaintiff elects to have a private process server serve the subpoenas, Plaintiff will also notify the Court whether he wishes blank subpoenas be sent to Mr. C. Wallace Coppock or to Plaintiff.

IT IS SO ORDERED.

Dated:   January 15, 2013         /s/ *Michael J. Seng*
                                                           UNITED STATES MAGISTRATE JUDGE