UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RACKLIFFE, | CASE NO. 1:07-cv-00603-MJS PC |
| Plaintiff, | ORDER PARTIALLY GRANTING PLAINTIFF'S MOTIONS FOR WITNESSES |
| v. | (ECF Nos. 94, 95, 96, 97, 109, 131, 132, 139) |
| ROCHA, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Brandon Rackliffe, a California state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 20, 2007.

This action proceeds on Plaintiff's amended complaint, filed February 25, 2008, against Defendants Rocha and Medina for use of excessive physical force against Plaintiff in violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arises from an incident which occurred on July 26, 2006, at Kern Valley State Prison in Delano, California.

Plaintiff has filed various motions regarding witnesses. In his pretrial statement he informed the Court he wanted to subpoena some thirty-three individuals to appear and testify at trial. (ECF Nos. 92, 98, 99, 100, 101.)

Plaintiff subsequently filed four motions for the attendance at trial of incarcerated witnesses McMann (ECF No. 94), Mathis (ECF No. 95), MacMillen (ECF No. 96), and

1

Garcia (ECF No. 97).  Defendants opposed the motions on the grounds that Plaintiff had not included the names of the proposed witnesses on his witness list (ECF No. 98), had failed to comply with the Court's Second Scheduling Order directing him to specify whether the proposed witnesses would testify voluntarily, and had neglected to submit declarations confirming the witnesses had actual knowledge of relevant facts.  (ECF No. 106.)

The Court informed Plaintiff of the fees he would be required to pay to cover the costs of having the proposed witnesses appear at trial.  (ECF No. 104.)  The Court also advised Plaintiff that it found it so unlikely that all proposed witnesses would have knowledge of non-redundant relevant facts and a willingness to testify at Plaintiffs's request that the Court was not inclined to issue subpoenas without justification being provided.

Plaintiff then filed a motion reflecting his desire to subpoena only the following ten witnesses and he set forth reasons why their attendance was necessary: 1) C. Prouty, 2) A. Martinez, 3) D. Peters, 4) L. Ocampo, 5) D. Biggs, 6) Stiles, 7) Corely, 8) Manthei, 9) McMann, and 10) Garcia.  (ECF Nos. 131, 132, 139.)[1]

After reviewing Plaintiff's various filings in this matter and Defendants' objections, the Court finds good cause to grant Plaintiff's request to have the seven individuals listed below subpoenaed to trial and to have two incarcerated witnesses, inmates McMann and Garcia, transported to trial.  (It is not necessary to subpoena incarcerated witnesses.)  Inasmuch as Defendants have had notice of Plaintiff's intent to compel such witnesses' appearances, and the previous trial date was continued in part to address such witness issues, Defendants will not be prejudiced by the order below.  Even if the contrary were true, the prejudice to Plaintiff in prohibiting him from calling relevant witnesses would outweigh any conceivable prejudice to Defendants.

---

[1] Plaintiff's latest motion was submitted via an attorney who claimed to be "assisting" Plaintiff in this matter.  Plaintiff is proceeding in this action pro se.  This means, quite simply, that Plaintiff is representing himself.  He has no attorney representing him.  The Court can not and will not deal with Plaintiff's "assisting" counsel unless he/or she is substituted in as Plaintiff's attorney of record. Except as provided herein, the Court will not otherwise respond to or act upon any filings by anyone other than Plaintiff on behalf of Plaintiff.  Any further filings by "assisting" counsel will be stricken and deemed of no effect.

Providing for their presence does not mean they will all be permitted to testify. As Plaintiff has been advised repeatedly, the Court will not indulge purely repetitive, redundant, and cumulative testimony. Plaintiff shall keep this in mind while carefully considering who he actually compels to attend trial and what each will be asked to testify to.

The Court denies Plaintiff's request to have inmate named "Manthei" appear at trial because the California Department of Corrections and Rehabilitation has no record of an inmate so named or an inmate with a prison number such as Plaintiff attributed to Manthei.

The Court hereby ORDERS as follows:

1. Plaintiff's request for subpoenas for Lt. Stiles, Lt. Corely, D. Biggs, L. Ocampo, C. Prouty, A. Martinez, and D. Peters, is GRANTED;

2. The Clerk's Office is directed to issue subpoenas for Lt. Stiles, Lt. Corely, D. Biggs, L. Ocampo, C. Prouty, A. Martinez, and D. Peters and send them to attorney Gail Flatt (as requested by or on behalf of Plaintiff and to avoid delay in service);

3. Plaintiff's motions for the attendance at trial of inmates McMann and Garcia (ECF Nos. 94 and 97) are GRANTED;

4. The Court will issue transportation writs for inmates McMann and Garcia; and

5. Plaintiff's motions for the attendance at trial of inmates Mathis and MacMillen (ECF Nos. 95 and 96) are DENIED without prejudice.

IT IS SO ORDERED.

Dated:   April 12, 2013         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE