UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RACKLIFFE,<br><br>            Plaintiff,<br><br>    v.<br><br>CORRECTIONAL OFFICER ROCHA, et al.,<br><br>            Defendants.<br>_____ / | CASE NO. 1:07-cv-00603-MJS PC<br><br>ORDER DENYING DEFENDANT MEDINA'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(ECF No. 112) |

I.  **PROCEDURAL HISTORY**

Plaintiff Brandon Rackliffe ("Plaintiff"), a California state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 20, 2007.

This action proceeds on Plaintiff's amended complaint, filed February 25, 2008, against Defendants Rocha and Medina for use of excessive physical force in violation of the Eighth Amendment of the United States Constitution. (ECF No. 11.) Plaintiff's claim arises from an incident which occurred on July 26, 2006, at Kern Valley State Prison in Delano, California. Jury trial in the matter is schedule to commence on May 14, 2013. (ECF No. 135.)

On January 24, 2013, Defendant Medina filed a motion for judgment on the pleadings. (Def.'s Mot., ECF No. 112.) Plaintiff has filed an opposition. (Pl.'s Opp'n, ECF No. 137.) Defendant's motion is now ready for ruling pursuant to Local Rule 230(l).

///

## II. DISCUSSION

### A. Legal Standard

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed but within such time as to not delay the trial." Fed.R.Civ.P. 12(c). All allegations of fact by the party opposing a motion for judgment on the pleadings are accepted as true. Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir.1984). A "dismissal on the pleadings for failure to state a claim is proper only if 'the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Id. (quoting 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1368, at 690 (1969)); see also McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir.1988).

When a Rule 12(c) motion is used to raise the defense of failure to state a claim, the motion is subject to the same test as a motion under Rule 12(b)(6). McGlinchy, 845 F.2d at 810; Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1989). Thus, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, this court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### B. Plaintiff's First Amendment Retaliation Claims

#### 1. Legal Standard

The Court previously screened Plaintiff's amended complaint and in a detailed order found that it stated a cognizable claim. 28 U.S.C. § 1915A; ECF Nos. 11, 17, 22. The screening standard is the same standard which governs Rule 12(b)(6) motions, Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012), and therefore, in cases which have been screened, the Court generally views motions to dismiss for failure to state a claim with disfavor. Unless a motion sets forth new or different grounds not previously considered by the Court, it is disinclined to "'rethink what it has already thought.'" Sequoia Forestkeeper v. U.S. Forest Service, No. CV F 09-392 LJO JLT, 2011 WL 902120, at *6 (E.D.Cal. Mar. 15, 2011) (quoting United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998)).

For the reasons which follow, the instant motion presents no exception to the general disfavor with which such motions are viewed, and Court is not persuaded to depart from its prior screening order.

The analysis of an excessive force claim brought pursuant to § 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals, such as the Plaintiff here. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, 559 U.S. 34, ___, 130 S. Ct. 1175, 1176-77 (2010).

### 2. Defendant Medina's Argument

Plaintiff has alleged that on July 26, 2006, he was involved in an incident with another inmate who was armed. (Am. Compl., ECF No. 11 at 3.) After it was clear that the other inmate had been disarmed and the threat passed, Defendant Medina fired two block-gun rounds at the inmate and necessarily at Plaintiff who was close by. The shot did not hit Plaintiff. (Id.) Plaintiff does not allege that Defendant Medina caused a physical injury to Plaintiff. (Id.)

Defendant Medina argues that said facts, even if true, are insufficient to state an Eighth Amendment excessive force claim against Defendant Medina. (Def.'s Mem. of P & A, ECF No. 112-1 at 4.)

Defendant Medina's position fails to recognize that absence of a significant injury on its own is not dispositive of an excessive force claim. See Wilkins, 130 S. Ct. at 1176-77. Defendant Medina's decision to fire at the other inmate while Plaintiff, who posed no threat, was near enough to be harmed by the shot leaves open the issue of whether Defendant Medina's action was unnecessary and malicious in nature. This is an issue for the trier of fact based upon evidence presented at trial.

Plaintiff has alleged sufficient facts to state a cognizable excessive force claim against Defendant Medina. Defendant's motion to dismiss is denied.

### III. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint states a claim upon which relief may be granted; the Court so determined when it screened Plaintiff's First Amended Complaint. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

The Court is unable to identify anything new in Defendant's motion which might cause the court to reconsider its position, or even, for that matter, to justify Defendant's raising the issue once again and expecting a different result.

The Court finds that Defendant Medina has not met his burden as the party moving

for judgment on the pleadings. The Court HEREBY ORDERS that Defendant Medina's motion for judgment on the pleadings, filed January 24, 2013, be DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   April 30, 2013                         /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE